**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF INDIANA**
**HAMMOND DIVISION**

| | |
|---|---|
| MARVIN GALLAS, )  | |
| ) | |
| Plaintiff, ) | Case No. 2:14-cv-457 |
| ) | |
| vs. ) | |
| ) | |
| DYNIA & ASSOCIATES, LLC, ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

## INTRODUCTION

1.      Plaintiff Marvin Gallas brings this action to secure redress from unlawful credit and collection practices engaged in by defendants  Dynia & Associates, LLC.  Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA").

2.       The FDCPA broadly prohibits unfair or unconscionable collection methods; conduct which harasses, oppresses or abuses any debtor; and any false, deceptive or misleading statements, in connection with the collection of a debt; it also requires debt collectors to give debtors certain information.  15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

## VENUE AND JURISDICTION

3.       This Court has jurisdiction under 15 U.S.C. §1692k (FDCPA), 28 U.S.C. §1331, 28 U.S.C. §1337, and 28 U.S.C. §1367.

4.       Venue and personal jurisdiction in this District are proper because plaintiff received defendant's collection letter here and defendant is subject to jurisdiction here.

## PARTIES

5.       Plaintiff is an individual who resides in Hammond, Indiana.

6.       Defendant Dynia & Associates is a law firm organized as an Illinois limited liability company.  Its offices are located at 1400 E. Touhy Ave, Ste. G2, Des Plaines, IL 60018.  Its registered agent and office is National Registered Agents, Inc., 200 W. Adams, Chicago, IL

60606.

7.  Defendant Dynia & Associates is engaged in the business of collecting consumer debts allegedly owed to others.

8.  Defendant Dynia & Associates regularly uses the mails and telephones to collect debts.

9.  Dynia & Associates is a "debt collector" as defined in the FDCPA.

## FACTS

10.  Dynia & Associates was retained by or on behalf of FIA Card Services, N.A., Express to collect an alleged credit card debt from plaintiff.

11.  Any such debt was incurred for personal, family or household purposes and not for business purposes.

12.  On or about January 29, 2014, Dynia & Associates sent plaintiff the letter attached as Exhibit A.

13.  Exhibit A is a form letter.

14.  Exhibit A proposes a settlement and states that "If, as a result of this settlement, the amount cancelled on this debt equals or exceeds $600, the IRS may require FIA Card Services to report the amount cancelled on a Form 1099-C.  You will receive this form for the year in which the settlement is completed.  If you want advice about the potential tax consequences that may result form this settlement, FIA Card Services recommends that you consult a tax professional of your choosing.  FIA Card Services does not make any representations about the tax consequences that this settlement may have for you or any reporting requirements that may be imposed on FIA Card Services."

15.  This statement is false and misleading.

16.  Under 26 C.F.R. §1.6050P-1(d)(2) and (3), only the discharge of principal need be reported:

> **(2) Interest. The discharge of an amount of indebtedness that is interest <u>is not required to be reported</u> under this section.**

2

**(3) Non-principal amounts in lending transactions. In the case of a lending transaction, the discharge of an amount other than stated principal <u>is not required to be reported</u> under this section. For this purpose, a lending transaction is any transaction in which a lender loans money to, or makes advances on behalf of, a borrower (including revolving credits and lines of credit).**

17.     It is thus entirely possible to forgive $600 or more of the debt and yet not be required to even file a 1099C.

18.     In addition, people who are having difficulties paying their credit cards are unlikely to have income as a result of the settlement of a debt, in that such persons are likely to be insolvent (in their sense that their liabilities exceed their assets) and the discharge of indebtedness by someone who is insolvent is not income.

19.     Defendant gives erroneous and/or incomplete tax advice to consumers.

20.     The purpose and effect of the statement is to suggest to the unsophisticated consumer that failure to pay will get the consumer into trouble with the IRS.

<u>**VIOLATION ALLEGED**</u>

21.     The statement in the letter is false and misleading, and omits to state material facts, in violation of 15 U.S.C. §§1692e, 1692e(2), and 1692e(l0).   *Good v. Nationwide Credit, Inc.*, No. 14-4295, 2014 WL 5422103 (E.D. Pa., Oct. 27, 2014); *Wagner v. Client Services, Inc*., No. 08-5546, 2009 WL 839073, 2009 U.S. Dist. LEXIS 26604 (E.D.Pa., March 26, 2009); *Sledge v. Sands*, 182 F.R.D. 255 (N.D.Ill. 1998).

22.     Section 1692e provides:

**§ 1692e.       False or misleading representations [Section 807 of P.L.]**

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**

**(2)     The false representation of--**

**(A)     the character, amount, or legal status of any debt; . . .**

**(10)     The use of any false representation or deceptive means to**

**collect or attempt to collect any debt or to obtain information concerning a consumer. . . .**

WHEREFORE, the Court should enter judgment in favor of plaintiff and against

defendant for:

       i.      Statutory damages;

      ii.      Attorney's fees, litigation expenses and costs of suit;

     iii.      Such other and further relief as the Court deems proper.

<u>s/Daniel A. Edelman</u>

Daniel A. Edelman
Michelle R. Teggelaar
EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
Email address for service:  courtecl@edcombs.com

## **NOTICE OF ASSIGNMENT**

Please be advised that all rights relating to attorney's fees have been assigned to counsel.


s/Daniel A. Edelman

## <u>DOCUMENT PRESERVATION DEMAND</u>

Plaintiff hereby demands that defendant take affirmative steps to preserve all recordings, data, documents, and all other tangible things that relate to plaintiff, the events described herein, any third party associated with any telephone call, campaign, account, sale or file associated with plaintiff, and any account or number or symbol relating to them. These materials are likely very relevant to the litigation of this claim. If defendant is aware of any third party that has possession, custody, or control of any such materials, plaintiff demands that defendant request that such third party also take steps to preserve the materials. This demand shall not narrow the scope of any independent document preservation duties of the defendant.

<u>s/Daniel A. Edelman</u>